# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| U.S. Commodity Futures Trading Commission,<br><br>     Plaintiff,<br><br>    v.<br><br>Trevor Cook d/b/a Crown Forex, LLC, Patrick Kiley d/b/a Crown Forex, LLC, Universal Brokerage FX and Universal Brokerage FX Diversified, Oxford Global Partners, LLC, Oxford Global Advisors, LLC, Universal Brokerage FX Advisors, LLC f/k/a UBS Diversified FX Advisors, LLC, Universal Brokerage FX Growth, L.P. f/k/a UBS Diversified FX Growth L.P., Universal Brokerage FX Management, LLC f/k/a UBS Diversified FX Management, LLC and UBS Diversified Growth, LLC,<br><br>     Defendants. | Civil No. 09sc3332 (MJD/JJK)<br><br>FILED UNDER SEAL<br><br>09-MC-00076<br><br>FILED<br>UNITED STATES DISTRICT COURT<br>DENVER, COLORADO<br><br>DEC - 7 2009<br><br>GREGORY C. LANGHAM<br>      CLERK |

## *EX PARTE* STATUTORY RESTRAINING ORDER

Having read the Complaint for Injunctive and Other Equitable Relief, the

Plaintiff's Motion for an *Ex Parte* Statutory Restraining Order, excerpts of the transcripts

of testimony of Defendants' former employees Paul Wood, Jerry Durand, Chris

Pettengill, and Thomas Richardson, the declarations of government attorney Barry

Blankfield, and Defendants' customers Victor Sultana, Ronald Stolpman, Andrew Weed,

David Flores, Daryl Vossler, David Bratt, Richard Roiger, Tom Butler, Robert Herr, and

SCANNED
NOV 2 5 2009
U.S. DISTRICT COURT MPLS

(21)

FILED NOV 2 3 2009
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

Gordon Schepke, and the exhibits thereto, and the Swiss Financial Market Supervisory Authority's ("FINMA") February and May 2009 decisions regarding Crown Forex, SA, and the brief submitted in support of its motion;

**THE COURT FINDS:**

1. The Court has jurisdiction over the subject matter.

2. Section 6c of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 13a-1 (2006), permits this Court to enter a statutory restraining order ("SRO").

3. It appears that there is good cause to believe that Defendants Trevor Cook d/b/a Crown Forex, LLC ("Cook"), Patrick Kiley d/b/a Crown Forex, LLC, Universal Brokerage FX and Universal Brokerage FX Diversified ("Kiley"), Oxford Global Partners, LLC ("OGP"), Oxford Global Advisors, LLC ("OGA"), Universal Brokerage FX Advisors, LLC fka UBS Diversified FX Advisors, LLC ("UBFXA"), Universal Brokerage FX Growth, L.P. fka UBS Diversified FX Growth, L.P. ("UBFXG"), Universal Brokerage FX Management, LLC, fka UBS Diversified FX Management, LLC ("UBFXM"), and UBS Diversified Growth, LLC ("UBSDG"), have engaged, are engaging in and are about to engage in violations of Sections 4b(a)(2)(A)-(C) of the Commodity Exchange Act (the "Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act ("CRA"), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. §§ 6b(a)(2)(A)-(C). There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for customers in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition by

the Defendants of their assets or destruction of records unless the Defendants are immediately restrained and enjoined by Order of this Court and, accordingly, there is good cause to issue this order

4. It further appears to the satisfaction of the Court that this is a proper case for granting an *ex parte* statutory restraining order to preserve the status quo and to protect public investors from further loss and damage.

## ORDER

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

5. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts including bank accounts and accounts at financial institutions, credits, receivables, lines of credit, contracts including spot and futures contracts, insurance policies, and all cash, wherever located.

6. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

7. "Defendants" means, Cook, Kiley, OGA, OGP, UBFXA, UBFXG, UBFXM and UBSDG and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of Defendants, and any person who receives actual notice of this Order by personal service or otherwise, including Federal Express and facsimile, insofar as he or she is acting in concert or participation with Defendants.

## STATUTORY RESTRAINING ORDER

### I. ASSET FREEZE

**IT IS ORDERED** that Defendants are restrained and enjoined from directly or indirectly withdrawing, transferring, removing, dissipating, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, converting, or otherwise disposing of any funds, assets or other property, wherever located, including funds, property or assets held outside the United States, except as ordered by the Court. The assets affected by this Paragraph shall include existing assets and assets acquired after the effective date of this Order, as well as accounts not specifically identified below.

**IT IS FURTHER ORDERED** that, pending further Order of this Court, any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any funds, assets or other property of the Defendants, or has held, controlled, or maintained custody of any funds, assets or other property of the Defendants, and who receives notice of this order by any means, including facsimile, electronic mail, and Federal Express, shall:

A. Prohibit Defendants and any other person from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting,

cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

E. Cooperate with all reasonable requests of the CFTC relating to implementation of this Order, including producing records related to Defendants' accounts and Defendants' businesses.

## II. PROHIBITION OF DESTRUCTION OF BOOKS AND RECORDS

**IT IS FURTHER ORDERED** that the Defendants and all persons or entities who receive notice of this Order by personal service or otherwise, including facsimile and Federal Express, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of the Defendants.

## III. ACCESS TO AND INSPECTION OF BOOKS AND RECORDS

**IT IS FURTHER ORDERED** that representatives of the CFTC be allowed immediately to inspect the books, records, and other documents of the Defendants and their agents including, but not limited to, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of the Defendants or others, and to copy said documents, data and records, either on or off the premises where they may be situated.

## IV. APPOINTMENT OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that R.J. Zayed, Carlson, Caspers, Vandenburgh & Lindquist, is appointed as temporary Receiver ("Receiver") for the Defendants and their affiliates and subsidiaries, and all funds, properties, premises, accounts and other assets directly or indirectly owned, beneficially or otherwise, by the Defendants individually or collectively, including, but not limited to, investors' funds, for the purpose of marshalling, preserving, accounting for and liquidating the assets that are subject to this Order and directing, monitoring and supervising Defendants' activities in accordance with the provisions of this Order set forth below.

**IT IS FURTHER ORDERED** that the Receiver shall be the agent of this Court in acting as Receiver under this Order.

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

    A.    Take exclusive custody, control, and possession of all funds, property, and other assets in the possession of, or under the control of the Defendants wherever situated that he has a reasonable basis to believe is related to this action, and that is consistent with this Court's orders. The Receiver will also take exclusive custody, control, and possession of all customer funds and property and other assets traceable to customers in the possession of, or under the control of Defendants. The Receiver shall have full power to sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and

   records of accounts, including computer-maintained information and digital data and other papers and documents of Defendants, including documents related to customers or clients whose interests are now held by or under the direction, possession, custody or control of the Defendants;

B. The Receiver is authorized to enter and inspect any and all business premises of the Defendants or under the control of Defendants with reasonable notice and take any documents or other property related to this matter.

C. Preserve, hold and manage all receivership assets, and perform all acts necessary to preserve the value of those assets, in order to prevent any loss, damage or injury to customers or clients;

D. Prevent the withdrawal or misapplication of funds entrusted to the Defendants and otherwise protect the interests of customers or clients;

E. Collect all money owed to the Defendants;

F. Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign jurisdictions necessary to preserve or increase the assets of the Defendants or to carry out his duties pursuant to this Order;

G. Choose, engage and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the deems advisable or necessary in the performance of duties and responsibilities upon obtaining leave of this Court and thereafter, only upon further order of this Court;

H. Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

I. Open one or more bank accounts as designated depositories for funds of the Defendants. The Receiver shall deposit all funds of the Defendants in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts;

J. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Defendants prior to the date of entry of this Order, except for payments that the Receiver deems necessary or advisable to secure assets of the Defendants; and

K. Close out all commodities futures positions, or other outstanding positions and/or hold such assets without further court order.

**IT IS FURTHER ORDERED** that, immediately upon service of this Order upon them, Defendants, and any other person or entity served with a copy of this order shall, immediately or within such time as permitted by the Receiver in writing, deliver over to the Receiver;

A. Possession and custody of all funds and all other assets, belonging to customers or commodity pool participants as described in the complaint;

B. Possession and custody of documents of the Defendants, not previously produced to the CFTC, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

C. Possession and custody of all precious metals, other commodities, funds and other assets belonging to members of the public now held by the Defendants;

D. All keys, computer passwords, entry codes, PIN numbers and combinations to locks necessary to gain or to secure access to any of the assets or documents of the Defendants, including but not limited to, access to the Defendants' business premises, means of communication, accounts, computer systems, or other property; and

E. Information identifying the accounts, employees, properties or other assets or obligations of the Defendants.

**IT IS FURTHER ORDERED** that the Defendants and all other persons or entities served with a copy of this Order shall cooperate fully with and assist the Receiver in the performance of his duties and any other appropriate assertion of any other privilege or right. This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this order; providing

any password required to access any computer or electronic files in any medium; and advising all persons who owe money to the Defendants that all debts should be paid directly to the Receiver.

## V. SERVICE OF ORDER AND ASSISTANCE OF U.S. MARSHAL'S SERVICE

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission and Federal Express, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of the Defendants, or that may be subject to any provision of this Order. Judy McCorkle, Eleanor Oh, and Venice Bickham, all employees of the CFTC, are hereby specially appointed to serve process, including this Order and all other papers in this cause.

**IT IS FURTHER ORDERED** that the United States Marshals Service is directed to assist the Commission with service of process, including the summons and complaint, and all other papers in this case as well as assist the Commission with taking control and custody of the assets, records and business premises of the Defendants.

## VI. SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED** that the Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Susan Gradman, Senior Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe, Suite 1100, Chicago, Illinois 60661.

## VII. COURT MAINTAINS JURISDICTION

**IT IS FURTHER ORDERED** that this Statutory Restraining Order shall remain in full force and effect until further Order of this Court, upon application, notice and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes.

## VIII. FURTHER COURT HEARINGS

**IT IS FURTHER ORDERED** that this matter is set for a status hearing on Monday, November 30, 2009 at 1:30 p.m. in Courtroom 15 E, United States Courthouse, 300 South 4th Street, Minneapolis, MN.

**IT IS FURTHER ORDERED** that plaintiff's Motion for a Preliminary Injunction is set for hearing on Friday, December 4, 2009 at 9:30 a.m. . in Courtroom 15 E, United States Courthouse, 300 South 4th Street, Minneapolis, MN.

**IT IS SO ORDERED.**

Signed at 3:55 o'clock am/pm on the 23rd day of Nov., 2009

_____
MICHAEL J. DAVIS
CHIEF JUDGE
UNITED STATES DISTRICT COURT

12